UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN MARIE ESTRADA, and JOSE ESTRADA<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC., TEVA WOMEN'S HEALTH, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 14-cv-1875-AJB-AGS<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>(Doc. Nos. 74, 92) |

Presently before the Court are Plaintiffs Ann Marie and Jose Estrada's ("Plaintiffs") motions to file documents under seal. (Doc. Nos. 74, 92.) As explained more fully below, the Court **GRANTS** Plaintiffs' motions.

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate

justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (citation omitted).

"After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). However, where the material is, at most, "tangentially related" to the merits of the case, the request to seal may be granted on a showing of "good cause." *Ctr. For Auto Safety v. Chrysler Grp., LLC.*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Here, Plaintiffs seek to seal: (1) Exhibit H—Brenda Angelo's deposition; (2) Exhibit I—the Medwatch report for Mrs. Estrada's ParaGard; (3) Exhibit J—the deposition of Defendants' Person Most Qualified; (4) Exhibit K—ParaGard's adverse event reports, Medwatch forms, and emails related to such reports; and (5) Exhibit L—Thomas Mehs' deposition. (Doc. No. 74.) Plaintiffs seek to seal these documents on the grounds that Defendants have declared that these documents contain or reference confidential information.[1] (*Id.* at 2.)

On June 5, 2017, Defendants filed their response to Plaintiffs' motion where they detailed that the documents at issue were produced under a protective order. (Doc. No 82 at 2.) Specifically, the documents contain internal investigation reports, internal communications, and audit reports that were marked confidential. (*Id.* at 4.)

---

[1] Defendants claim that on May 18, 2017, Plaintiffs filed their opposition to its motion for summary judgment. Attached to this document was the Declaration of Lauren A. Welling, a confidential document subject to a protective order. (Doc. No. 82 at 3.) On May 19, 2017, Defendants notified Plaintiffs' counsel of this violation. (*Id.*) Later that day, Plaintiffs filed their notice of withdrawal of the confidential documents. (*Id.*) Thereafter, Plaintiffs filed this motion to seal. (*Id.*)

After a careful review of the documents, the Court finds Plaintiffs' motion to seal warranted. First, the Court notes that motions to seal documents that contain information that could competitively hurt parties in a lawsuit is routinely granted. *See Apple Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013); *see also Nixon*, 435 U.S. at 598 (the court may ensure its records are not used as "sources of business information that might harm a litigant's competitive standing"). Additionally, case law makes clear that documents that were given protective designations under a protective order are already determined to satisfy the "good cause" standard as they are meant "to protect [the] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (internal quotation marks omitted). Based on the foregoing, Plaintiffs' motion to seal is **GRANTED**.

Plaintiffs also seek to seal documents marked "confidential" in connection with their supplemental brief. (Doc. No. 92.) Specifically, Plaintiffs request that the Court seal Exhibits 1–57 in support of Plaintiffs' opposition to Defendants' motion for summary judgment. (*See generally* id.) For the same reasons as above, the Court similarly finds a motion to seal the foregoing exhibits justified as the interests in sealing outweigh the public's need to access confidential medical records and consumer information. Consequently, Plaintiffs' second motion to seal is also **GRANTED**.

## CONCLUSION

As explained more thoroughly above, the Court **GRANTS** Plaintiffs' motions to seal. (Doc. Nos. 74, 92.)

**IT IS SO ORDERED**.

Dated: September 18, 2017

Hon. Anthony J. Battaglia
United States District Judge